IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Adechi Houston | |
| Plaintiff, | Case No. 17 C 8394 |
| v. | Judge Jorge L. Alonso |
| AIMCO Northpoint Preservation LP et al. | |
| Defendants. | |

**ORDER**

For all of the reasons set out in this Court's November 22, 2017 order and as further discussed below, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [9] is denied. Plaintiff is again advised that she may obtain free limited attorney assistance with regard to this federal case by scheduling an appointment with the William J. Hibbler *Pro Se* Assistance Program, 219 South Dearborn, 20th floor, or by calling (312) 435-5691.

**STATEMENT**

*Pro Se* plaintiff Adechi Houston filed this action alleging a procedural due process violation with regard to the termination of her Section 8 rental assistance, and a motion for emergency temporary restraining order and preliminary injunction seeking to stop a state court eviction proceeding against her. [Dkt 1, 7.] The motion came before the undersigned as emergency judge while the assigned judge was unavailable. On November 22, 2017, the Court denied the motion because it is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, as well

as by principles of comity, equity and federalism, from granting Ms. Houston the relief she seeks. [Dkt 8.]

Ms. Houston has now filed another motion for a temporary restraining order and permanent injunction [dkt 9], which again comes to the undersigned as emergency judge.[1] The new motion is premised largely on the same allegations and arguments as the first, with additional allegations as to recent proceedings in the state court eviction action. [Dkt 9.] Notably, Ms. Houston requests precisely the same relief this Court has already denied: an order "prevent[ing] this eviction proceedings from going any further until a preliminary hearing is conducted." [*Id.* at 6.]

For all of the reasons set out in the Court's November 22, 2017 Order, the motion is denied. Ms. Houston's challenges to her eviction may be raised in the action that is proceeding in the Circuit Court of Cook County. As explained in this Court's prior order, pursuant to the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Even if an exception might apply, "principles of comity, equity, and federalism dictate that enjoining state court action is not appropriate here." *A.B. ex rel Kehoe v. Hous. Auth. of South Bend*, No. 11-CV-163 PPS, 2011 WL 2692966 at *5 (N.D. Ind. July 8, 2011) (denying preliminary injunction motion to stop defendant from pursuing eviction in state court).

Ms. Houston is again advised that if she chooses to do so, she may make an appointment to obtain free attorney assistance with regard to this federal case by scheduling an appointment

---

[1] Also pending is Ms. Houston's application for leave to proceed *in forma pauperis* [dkt 3]. The Court assumes without deciding that Ms. Houston is unable to pay court costs.

with the William J. Hibbler *Pro Se* Assistance Program, 219 South Dearborn, 20th floor, or by calling (312) 435-5691.

Date: 11/30/2017

_____
Jorge L. Alonso
United States District Judge

3